IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TROY JOHN DANIELS JACKSON,   :    Civil No. 3:18-cv-2011
                                  :
        Plaintiff         :    (Judge Mariani)
                                  :
    v.                   :
                                  :
SGT. HERRON, *et al.*,       :
                                  :
        Defendants     :

## MEMORANDUM

Plaintiff Troy John Daniels Jackson ("Jackson") is a former inmate who was housed at all relevant times at the State Correctional Institution, Mahanoy, Pennsylvania.[1]  Jackson commenced this action pursuant to 42 U.S.C. § 1983.  (Doc. 1).  The matter is proceeding *via* a second amended complaint.  (Doc. 70).  Named as Defendants are numerous individuals employed by the Pennsylvania Department of Corrections.  (*Id.*).  Presently pending before the Court is Defendants' motion (Doc. 99) to dismiss pursuant to Federal Rule of Civil Procedure 41(b).  Jackson failed to respond to Defendants' motion and the time for responding has now passed.[2]  Therefore, the motion is deemed unopposed and ripe for resolution.  For the reasons set forth below, the Court will grant Defendants' motion.

---

[1]    Jackson has been released from custody and is no longer incarcerated. (*See* Doc. 75, 93).

[2]    Jackson was directed to file a brief in opposition to Defendants' motion and was admonished that failure to file an opposition brief would result in Defendants' motion being deemed unopposed.  (Doc. 101) (citing M.D. PA. LOCAL RULE OF COURT 7.6).  (*See also* Doc. 3, Standing Practice Order in Pro Se Plaintiff Cases, at 2).

I.   **Background**

In the complaint, Jackson alleges that he was assaulted by various Defendants on two separate occasions.  (Doc. 70).  On October 26, 2020, Defendants filed a motion to dismiss based on Jackson's failure to prosecute.  (Doc. 99).  In the motion, Defendants recounted their attempts to contact Jackson to schedule his deposition, and stated that Jackson failed to respond to any of their requests.  (Docs. 99-2, 99-3, 99-4; Doc. 100, pp. 2-3).

Jackson also failed to oppose the instant motion to dismiss.  Accordingly, on November 10, 2020, the Court issued an Order directing Jackson to respond to Defendants' motion.  (Doc. 101).  The Order warned Jackson that, "[f]ailure to timely file an opposition brief will result in Defendants' motion (Doc. 99) being deemed unopposed."  (*Id.* at ¶ 2) (citing Local Rule of Court 7.6).  Jackson failed to respond.  A review of the docket reveals that Jackson has not communicated with the Court since March 2020.  (Doc. 93).

II.   **Discussion**

Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) based on Jackson's failure to prosecute.  The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other

than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the present matter, Jackson is *pro se* and is solely responsible for his actions. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case."). At this point, the Court has been waiting approximately nine months for Jackson to communicate with the Court, and can only conclude that he is personally responsible for the delays in this case.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Jackson's continued failure to communicate with the Court and his continued inaction frustrates and delays the resolution of this case. This failure to communicate prejudices the Defendants who likely seek a timely resolution of the case. *Azubuko v. Bell National*

3

*Organization*, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an

amended complaint prejudices the defendants and compels dismissal).

Third, Jackson has established a history of dilatoriness through his failure to contact

the Court and failure to respond to Defendants' repeated discovery requests.  Most recently,

the Court ordered Jackson to respond to Defendants' motion to dismiss.  Jackson failed to

comply with that Order.  The Court finds that over the past several months, Jackson has

delayed this matter to the extent that his conduct constitutes a "continuous stream of

dilatory conduct."  *Briscoe*, 538 F.3d at 261.

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior."

*Adams*, 29 F.3d at 874.  It appears that at least some of this dilatory behavior was

performed willfully and in bad faith, as Jackson has offered no explanation for his failure to

comply with Court Orders and failure to respond to discovery requests.  *Gagliardi v. Courter*,

144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its

discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to

respond to defendants' motion to dismiss for more than three months and this failure to

comply prejudiced the defendants).

Fifth, a district court must consider the availability of sanctions alternative to

dismissal.  *Poulis*, 747 F.2d at 869.  Because Jackson is indigent, the Court finds that

alternative, monetary sanctions would not be effective.  *See Briscoe*, 538 F.3d at 262-63;

*see also Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent").

The final *Poulis* factor is meritoriousness of the claim.  A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery.  *Poulis*, 747 F.2d at 870.  The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious.  *Poulis*, 747 F.2d at 869-70.  The Court finds that consideration of this factor cannot save Jackson's claims, since he is now wholly noncompliant with his obligations as a litigant.  Thus, the weight of this factor is lessened and, following a full analysis of the *Poulis* factors, the majority of the six factors weigh in favor of the Defendants.

III.   **Conclusion**

Jackson's last communication with the Court was in March 2020.  It is evident that Jackson has been released from custody.  Despite being ordered to respond to Defendants' motion to dismiss, Jackson has not responded.  Jackson's continued inaction and failure to comply with Court Orders has forced the Court to consider whether to dismiss this action for failure to prosecute.  After consideration of the *Poulis* factors, the Court finds that dismissal is appropriate under the present circumstances.

_____
Robert D. Mariani
United States District Judge

Dated: December ___, 2020

5